**SIGNED THIS: April 10, 2007**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL J. BLAIR, | ) | No. 04-85161 |
| Debtor. | ) | |
| | ) | |
| MICHAEL J. BLAIR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 06-8243 |
| | ) | |
| SANDRA M. BLAIR, | ) | |
| Defendant. | ) | |

## O P I N I O N

The scope of the discharge is perhaps the most important concern of every debtor in bankruptcy, but sometimes is not as easily determinable as one might hope. The Chapter 13 discharge applies to debts "provided for by the plan," a phrase not defined in the Bankruptcy Code. Whether the discharge covers a nonpriority, unsecured debt owed to a creditor listed only on Schedule H, and not referred to in the plan, is an interesting question, but one that need not be decided today.

After 20 years of marriage and two children, the Debtor, Michael J. Blair (MICHAEL), filed for divorce from his wife, Sandra M. Blair (SANDRA). On January 20, 2004, the state court entered a Judgment for Dissolution of Marriage that incorporated a Marital Separation Agreement (MSA). The court awarded the parties joint custody of the younger child (the only minor child), with MICHAEL awarded residential custody subject to SANDRA'S visitation rights. SANDRA was to pay MICHAEL child support of $100 per week. Each party waived maintenance. MICHAEL received the marital residence.

In the MSA, MICHAEL undertook the following obligations to SANDRA:

1. To hold SANDRA harmless from liability for the mortgage on the marital residence.

2. To pay SANDRA $8,000 for her equity in the marital residence.

3. To hold SANDRA harmless from liability for a loan secured by a 1999 Oldsmobile Alero.

4. To hold SANDRA harmless from liability for debts owed to Spring Valley City Bank, John's Sales and Service, Ekana Nursery, Dr. Line, Mary Blair and Hartauer Insurance.

Together, these obligations incurred by MICHAEL are referred to as the "MSA Debts."

MICHAEL filed a petition for relief under Chapter 13 on November 17, 2004, and did not list SANDRA as a creditor on Schedule D, E or F. He did list her as a codebtor on Schedule H. For her address, he used the name and address of the attorney who represented SANDRA in the divorce action and bankruptcy notices were sent to that address.

On March 7, 2005, MICHAEL'S Chapter 13 Plan was confirmed providing that he would pay $300 per month for 60 months. One secured creditor and one priority creditor

2

were to have their claims paid in full. The Plan provided that general unsecured creditors would be paid on a *pro rata* basis with the remaining funds. SANDRA did not file a Proof of Claim and MICHAEL did not file one on her behalf.

The Complaint that commenced this Adversary Proceeding was filed on August 31, 2006. Service was effected on SANDRA by mail at a suburban Chicago address. The Complaint requests a determination that the MSA Debts are not covered by Section 523(a)(5), which excepts from discharge any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child . . . ."[1] The Complaint further requests a determination that MICHAEL'S obligation to pay SANDRA $8,000 is not secured by a lien on MICHAEL'S property. The Complaint also requests a determination that any effort by SANDRA to collect or enforce the MSA Debts is stayed by operation of Section 362.

SANDRA did not respond to the Complaint. At a hearing on November 7, 2006, to consider the entry of a default judgment, the Court raised the issue of whether SANDRA'S claims, not listed on Schedule D, E or F, were "provided for by the plan" under Section 1328(a) so as to be subject to discharge if and when MICHAEL receives a discharge.[2] At the Court's suggestion, MICHAEL briefed the issue.

Having reviewed the arguments and authorities submitted by MICHAEL and the Court's own research, the Court concludes that there is a split of authority on this issue.

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), which went into effect after MICHAEL'S bankruptcy case was filed, substantially changed the language of Section 523(a)(5). The pre-BAPCPA version applies in this adversary proceeding.

[2] The 5-year Plan is not scheduled to be completed until November, 2009.

3

Some courts focus on notice to the creditor as the controlling factor – if the creditor had actual notice of the bankruptcy case in time to file a proof of claim, then the creditor's debt is considered to be provided for by the plan. *See In re Hairopoulous,* 118 F.3d 1240 (8th Cir. 1997). Other courts focus on whether and how the creditor was listed on the debtor's schedules, so that an unscheduled creditor is not provided for, even if that creditor had actual notice of the case. *See In re Massa,* 187 F.3d 292 (2nd Cir. 1999). This Court agrees, generally, with the latter position.[3]

In addition, the Court is not aware of any reported opinion on the exact issue at bar, whether listing a creditor only on Schedule H suffices for purposes of Section 1328(a). The Court doubts that it does. Schedule H – "Codebtors" was added to the official forms in 1991. Prior to that time, a Chapter 13 debtor was required to list codebtors on a Chapter 13 Statement (Form No. 10). Debts were to be listed in a separate section of the Statement.

In 1991, the Official Forms were revised, the Chapter 13 Statement was done away with and Schedules A-J were adopted. Schedules D, E and F are designated for scheduling all claims, whether secured, unsecured or priority. Each form for D, E and F has columns for designating the date the claim was incurred and the consideration for the claim, whether the claim is contingent, unliquidated or disputed, and the amount of the claim. There is also a column to designate whether a codebtor is obligated for the debt. In contrast, Schedule H requires none of that information, having space only for the name and address of the codebtor and corresponding creditor. The Advisory Committee Notes

---

[3] The 7th Circuit has not addressed the issue.

4

indicate that creditors' claims are to be listed, only once, on either D, E or F, while H is informational only, providing notice to and of those persons who may have an interest in certain property of the estate and may be entitled to the codebtor stay protection afforded by Section 1301.

Moreover, whether a party that is jointly liable for some of the debtor's debts is also the holder of a claim against the debtor is a separate question. SANDRA is a creditor of MICHAEL not because she is a codebtor with him, but because the MSA imposed certain obligations on him. There is no indication on Schedule H that MICHAEL owes SANDRA a prepetition debt or, if so, on what basis or for how much.[4] In this Court's view, SANDRA'S claim was not properly scheduled and should have been listed on Schedule F.[5]

Notwithstanding the foregoing, it cannot be ignored that SANDRA is in default for failure to answer the Complaint. Her default has consequences. Because there is no clear authority as to whether listing a creditor solely on Schedule H operates to include the debt within the scope of the discharge under Section 1328(a), the relief requested in the Complaint is relief to which MICHAEL is at least arguably entitled. Under these circumstances, MICHAEL is entitled to a default judgment.

However, MICHAEL did file an amendment to Schedule F on December 5, 2006, adding SANDRA as an unsecured creditor at her own address. Because of the address

---

[4] Without basic information as to how much is owed and whether the debt is secured, unsecured or priority, it is not possible to make the eligibility calculation required by Section 109(e).

[5] Since this case is resolved on other grounds, the Court refrains from holding that the term "provided for by the plan" as used in Section 1328(a) means listed on Schedule D, E or F.

change, she should be allowed additional time to file a proof of claim.[6] Accordingly, a default judgment will enter for MICHAEL in this adversary, but SANDRA will be given 60 days to file a proof of claim in MICHAEL'S bankruptcy case. If she fails to file a claim, the Chapter 13 Trustee and MICHAEL will be given 30 days thereafter to file a claim for her.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###

---

[6] The unusual circumstances of this matter and the Court's concern about proper notice, justify an exception to the general policies against post-bar date amendments to Schedule F and late-filed unsecured claims.